1  ROBERT C. SCHLEIN
   California State Bar No. 97876
2  401 "B" Street, Suite 2209
   San Diego, CA 92101
3  Telephone: (619) 235-9026
   Email: robert@rcslaw.org
4
   *Attorney for ALFREDO SALCEDO-FELIX*
5

6              UNITED STATES DISTRICT COURT

7             SOUTHERN DISTRICT OF CALIFORNIA

8              (HONORABLE PETER C. LEWIS)

9   UNITED STATES OF AMERICA,        )   Case:  08cr2270
                                     )
10              Plaintiff,           )   Date:  September 2, 2008
                                     )   Time:  2 p.m.
11  v.                               )
                                     )
12  ALFREDO SALCEDO-FELIX,           )   MOTIONS TO:
                                     )
13              Defendant.           )   (1) COMPEL DISCOVERY;
                                     )   (2) GRANT LEAVE TO FILE FURTHER
14  _____)       MOTIONS

15

16  TO:        KAREN P. HEWITT, UNITED STATES ATTORNEY, and
               DOUGLAS KEEHN, ASSISTANT UNITED STATES ATTORNEY
17

18                        MOTIONS

19         Defendant, ALFREDO SALCEDO-FELIX, by and through his attorney, Robert C. Schlein,

20  asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all

21  other applicable statutes, case law, and local rules for an order to:

22         (1)    Compel Discovery;

23         (2)    Grant Leave to File Further Motions.

24  //

25  //

26  //

27  //

28  //

1    These motions are based upon the instant motions and notice of motions, the attached

2    statement of facts and memorandum of points and authorities, the files and records in the above-captioned

3    matter, and any and all other materials that may come to this Court's attention prior to or during the hearing

4    of these motions.

5                                    Respectfully submitted,

6

7    Dated:        July 28, 2008              /s/ROBERT C. SCHLEIN
                                             Robert C. Schlein
8                                            Attorney-at-Law
                                             Attorney for Defendant SALCEDO-FELIX
9                                            robert@rcslaw.org

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    ROBERT C. SCHLEIN
     California State Bar No. 97876
2    Attorney at Law
     401 "B" Street, Suite 2209
3    San Diego, CA 92101
     Telephone:  (619) 235-9026
4    Email: robert@rcslaw.org

5    *Attorney for ALFREDO SALCEDO-FELIX*

6

7                        UNITED STATES DISTRICT COURT

8                     SOUTHERN DISTRICT OF CALIFORNIA

9                       (HONORABLE PETER C. LEWIS)

10   UNITED STATES OF AMERICA,        )    Case:  08cr2270
                                      )
11                   Plaintiff,       )    Date:   September 2, 2008
                                      )    Time:  2 p.m.
12   v.                               )
                                      )
13   ALFREDO SALCEDO-FELIX,           )    STATEMENT OF FACTS AND
                                      )    MEMORANDUM OF POINTS AND
14                                    )    AUTHORITIES IN SUPPORT OF
                     Defendant.       )    DEFENDANT'S MOTIONS
15   _____)
                                           I.
16
                           STATEMENT OF FACTS
17
             The following statement of facts is based, in part, on materials received from the government.

18   The facts alleged in these motions are subject to amplification and/or modification at the time these motions

19   are heard.  The government alleges the following:

20           "On or about June 28, 2008, within the Southern District of California, defendant Alfredo

21   Salcedo-Felix, did wilfully and forcibly assault, resist, oppose, impede and interfere with a person named

22   in Title 18, United States Code, Section 1114, to wit, United States Department of Homeland Security

23   Customs and Border Protection Officer R. Acuna, in that defendant struck Agent R. Acuna in the face and

24   broke Agent R. Acuna's nose, and pushed Agent R. Acuna into a concrete barricade, causing Agent R.

25   Acuna to strike his head on the barricade which caused Agent R. Acuna to become unconscious, and did

26   thereby inflict bodily injury upon Agent R. Acuna, while Agent R. Acuna was engaged in the performance

27   of his official duties, in violation of Title 18, United States Code, Sections 111(a)(1) and (b) felony."

28   ///

II.

<u>MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE</u>

Defense counsel has spoken with Assistant United States Attorney Douglas Keehn, who has provided some discovery in this case. We have received statements from individual witnesses, as well as frame-by-frame photos of the incident. A video of the incident was provided to us, but was not viewable. The government is aware of this and has indicated that another playable version of the video will be released shortly. Defendant moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. <u>See</u> generally <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995); <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989).

(1) <u>The Defendant's Statements</u>. The Government must disclose to the defendant <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced <u>in their entirety</u>, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See</u> also <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's

notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports

pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2, and

Fed. R. Crim. P. 12(h).  Preservation of rough notes is requested, whether or not the government deems

them discoverable.   Defendant specifically requests production of a video surveillance tape that

recorded and memorialized the altercation between Officer Acuna and Defendant.

(3)  <u>Brady Material</u>.  Defendant  requests all documents, statements, agents' reports, and

tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of

the government's case.  Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the

definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United

States v. Agurs</u>, 427 U.S. 97 (1976).

(4)  <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>.  As

discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This

request includes any cooperation or attempted cooperation by the defendant, as well as any information

that could affect any base offense level or specific offense characteristic under Chapter Two of the

Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, to a

determination of the defendant's criminal history, or to any other application of the Guidelines.

(5)  <u>Any Information That May Result in a Lower Sentence Under 18 U.S.C. § 3553</u>.

After <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), the Guidelines are merely advisory

and federal sentencing is governed by 18 U.S.C. § 3553, which requires a judge to consider "any

information about the nature of the circumstances of the offense."  18 U.S.C. § 3553(a)(1).  This broad

range of judicial discretion, combined with the mandate that "[n]o limitation shall be placed on the

information concerning the background, character, and conduct of a person convicted of an offense

which a court of the United States may receive and consider for the purpose of imposing an appropriate

sentence," 18 U.S.C. § 3661, means that any information whatsoever may be "material … to

punishment," <u>Brady</u>, 373 U.S. at 87,  whether or not the government deems it discoverable.

(6)  <u>The Defendant's Prior Record</u>.  Evidence of prior record is available under Fed. R.

Crim. P. 16(a)(1)(D).  Counsel specifically requests that the copy be complete and legible.

(7)  <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under

1   Fed. R. Crim. P. 16(a)(1)(E) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b),

2   "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . .

3   of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid.

4   404(b) at trial.  The defendant requests that such notice be given three weeks before trial in order to give

5   the defense time to adequately investigate and prepare for trial.

6           (8)  Evidence Seized. Evidence seized as a result of any search, either warrantless or with

7   a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

8           (9)  Request for Preservation of Evidence.  The defense specifically requests that all

9   dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the

10  possession, custody, or care of the government and which relate to the arrest or the events leading to the

11  arrest in this case be preserved.  This request includes, but is not limited to, the results of any fingerprint

12  analysis, alleged narcotics, the defendant's personal effects, the vehicle, and any other evidence seized

13  from the defendant, or any third party.  It is requested that the government be ordered to question all the

14  agencies and individuals involved in the prosecution and investigation of this case to determine if such

15  evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

16          (10)  Tangible Objects.  The defense requests, under Fed. R. Crim. P. 16(a)(1)(E) the

17  opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects,

18  including photographs, books, papers, documents, photographs of buildings or places or copies of

19  portions thereof which are material to the defense or intended for use in the government's case-in-chief

20  or were obtained from or belong to the defendant.

21          (11)  Evidence of Bias or Motive to Lie.  The defense requests any evidence that any

22  prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify

23  or distort his or her testimony.  Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler,

24  851 F.2d 1197 (9th Cir. 1988).

25          (12)  Impeachment evidence.  Defendant requests any evidence that any prospective

26  government witness has engaged in any criminal act whether or not resulting in a conviction and

27  whether any witness has made a statement favorable to the defendant.  See Fed. R. Evid. 608, 609 and

28  613.  Such evidence is discoverable under Brady v. Maryland.  See United States v. Strifler, 851 F.2d

1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(13) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

(14) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>. Defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

(15) <u>Witness Addresses</u>. The defense requests the name and last known address of each prospective government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979), <u>overruled on other grounds by Luce v. United States</u>, 469 U.S. 38 (1984) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

(16) <u>Name of Witnesses Favorable to the Defendant</u>. The defense requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir. 1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979).

(17) <u>Statements Relevant to the Defense</u>. The defense requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982). This would include Grand Jury transcripts which are relevant to the defense motion to dismiss the indictment.

1    (18)  Jencks Act Material.  The defense requests all material to which defendant is

2    entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch

3    tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness'

4    interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  Campbell v.

5    United States, 373 U.S. 487, 490-92 (1963).

6    (19)  Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the

7    defendant requests all statements and/or promises, expressed or implied, made to any government

8    witnesses, in exchange for their testimony in this case, and all other information which could arguably

9    be used for the impeachment of any government witnesses.

10    (20)  Reports of Scientific Tests or Examinations.  Pursuant to Fed. R. Crim. P.

11    16(a)(1)(F), the defendant requests disclosure and the opportunity to inspect, copy, and photograph the

12    results and reports of all tests, examinations, and experiments conducted upon the evidence in this case,

13    including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is

14    within the possession, custody, or control of the government, the existence of which is known, or by the

15    exercise of due diligence may become known, to the attorney for the government, and that are material

16    to the preparation of the defense or are intended for use by the government as evidence in chief at the

17    trial.

18    (21)  Henthorn Material.  The defendant  requests that the prosecutor review the

19    personnel files of the officers involved in his arrest, and those who will testify, and produce to him any

20    exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. This

21    includes all citizen complaints and other related internal affairs documents involving any of the

22    immigration officers or other law enforcement officers who were involved in the investigation, arrest

23    and interrogation of defendant.  See United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  In addition,

24    he requests that if the government is uncertain whether certain information is to be turned over pursuant

25    to this request, that it produce such information to the Court in advance of the trial and the motion

26    hearing for an in camera inspection.

27    (22)  Informants and Cooperating Witnesses.  The defense requests disclosure of the

28    names and addresses of any informants or cooperating witnesses used or to be used in this case.  The

government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). The defense also requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation with the authorities.

(23) <u>Expert Witnesses</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the defendant requests a written summary of the expert testimony that the government intends to use at trial, including a description of the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

(24) <u>Residual Request</u>. The defense intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Defendant requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

III.

<u>MOTION FOR LEAVE TO FILE FURTHER MOTIONS</u>

At the time of preparation of these motions, ALFREDO SALCEDO-FELIX and defense counsel have received some discovery from the government. As additional information comes to light the defense may find it necessary to file further motions. It is, therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

///
///
///
///
///
///

1

<u>CONCLUSION</u>

2    For the foregoing reasons, Defendant respectfully requests that the Court grant the above

3    motions.

4

5    Respectfully submitted,

6

7    Dated:    July 28, 2008    /s/ROBERT C. SCHLEIN
                                Robert C. Schlein
8                               Attorney-at-Law
                                Attorney for Defendant SALCEDO-FELIX
9                               robert@rcslaw.org

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 08cr2270 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| ALFREDO SALCEDO-FELIX | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Robert C. Schlein, am a citizen of the United States and am at least eighteen years of age. My business address is 401 "B" Street, Suite 2209, San Diego, California, 92101.

I am not a party to the above-entitled action. I have caused service of:

**Notice of Motions**
**Motion  to:    (1) Compel Discovery**
**                    (2) Grant Leave to File Further Motions**
**Memorandum of Points and Authorities**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.    Douglas Keehn, Assistant United States Attorney

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2008

                                    s/Robert C. Schlein
                                    ROBERT C. SCHLEIN

1