KAREN P. HEWITT
United States Attorney
DOUGLAS KEEHN
Assistant U.S. Attorney
California State Bar No. 233686
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-6549
Fax: (619) 235-2757

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08CR2270-W |
| Plaintiff, ) ) | **RESPONSE IN OPPOSITION TO** |
| ) | **DEFENDANT'S MOTIONS TO:** |
| v. ) | |
| ) | **(1) COMPEL DISCOVERY;** |
| ALFREDO SALCEDO-FELIX, ) | **(2) PRESERVE EVIDENCE; AND** |
| ) | **(3) GRANT LEAVE FOR FURTHER MOTIONS** |
| Defendant. ) | |
| ) | **GOVERNMENT'S MOTIONS** |
| ) | Date:    September 2, 2008 |
| ) | Time:    2:00 p.m. |
| _____ ) | Court:   The Hon. Thomas J. Whelan |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Douglas Keehn, and hereby files its Response and Opposition to Defendant's Motions to Compel Discovery, to Preserve Evidence, and For Leave to File Further Motions. This Response and Opposition is based upon the files and records of this case, together with the attached Statement of Facts, Memorandum of Points and Authorities, as well as the Government's Motion for Reciprocal Discovery.

//
//
//
//

# I

# STATEMENT OF FACTS

### A. Statement of the Case

On July 9, 2008, a federal grand jury handed up a one-count Indictment charging Alfredo Salcedo-Felix ("Defendant") with willfully and forcibly assaulting a United States Department of Homeland Security Customs and Border Protection Officer who was engaged in the performance of his official duties, and thereby inflicting bodily injury upon the victim, in violation of Title 18, United States Code, Section 111(a)(1) and (b). The Indictment also alleges that Defendant was removed from the United States subsequent to January 6, 2000. Defendant pled "not guilty" before the magistrate court on July 15, 2008.

### B. Statement of Facts

#### 1. Defendant's Arrest

On June 28, 2008, at approximately 6:45 a.m., Defendant Alfredo Salcedo-Felix was observed walking through the pre-primary area of the Calexico, California East Port of Entry with his hands clenched in fists, striking vehicles. Defendant approached primary Lane Number 1 staffed by Customs and Border Protection ("CBP") Officer R. Acuna ("Victim"). Defendant approached Victim Acuna in an aggressive posture while shouting insults and vulgarities in Spanish. Victim Acuna directed Defendant to stay back but Defendant proceeded toward Victim Acuna. Victim Acuna drew his collapsible baton and, while stepping away from Defendant, continued to direct Defendant to stay back. Defendant still did not comply and Victim Acuna struck Defendant upon the left leg with the baton. Defendant continued to advance toward Victim Acuna. Victim Acuna attempted to strike Defendant again, while moving backward. Defendant then struck Victim Acuna in the face with a closed fist, shattering the bones within Victim Acuna's nose. Defendant persisted in his advance against Victim Acuna, pushing Victim Acuna backward toward a waist-high concrete barrier. Victim Acuna fell backwards headfirst upon the concrete barrier, splitting his scalp and causing Victim Acuna to lose consciousness. Fellow CBP Officers coming to Victim Acuna's aid restrained Defendant while medical assistance was summoned. Defendant was taken into custody and both Defendant and Victim Acuna were transported for

medical assessment and treatment as needed. Victim Acuna was hospitalized for his injuries and is awaiting further surgery to reconstruct the shattered bones in his face.

**2. Defendant's Statements**

Defendant was discharged from medical supervision and advised of his Miranda rights at approximately 5:10 p.m. on the date of incident. Defendant acknowledged his rights and agreed to speak with officers. Defendant stated he had "maybe" been drinking and did not know why he was walking into the Port of Entry. Defendant claimed that he had only "embraced" Victim Acuna.

**C. Defendant's Criminal History**

No prior criminal convictions have been associated with this Defendant.

**II**

**MOTIONS TO COMPEL DISCOVERY**

The Government has provided Defendant with 102 pages of discovery, the complaint and statement of facts, reports from the apprehending agents, Defendant's prior conviction documents and two DVDs, including a recording of Defendant's Miranda interview and viewable Port of Entry video recordings from the date and time of this incident.

With respect to Defendant's discovery motions, the Constitution requires the Government to preserve evidence "that might be expected to play a significant role in the suspect's defense." California v. Trombetta, 467 U.S. 479, 488 (1984). To require preservation by the Government, such evidence must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Id. at 489; see also Cooper v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir. 2001). The Government will make every effort to preserve evidence it deems to be relevant and material to this case. Any failure to gather and preserve evidence, however, would not violate due process absent bad faith by the Government that results in actual prejudice to the Defendant. See Illinois v. Fisher, 540 U.S. 544 (2004) (per curiam); Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988); United States v. Rivera-Relle, 322 F.3d 670 (9th Cir. 2003); Downs v. Hoyt, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

**(1) Defendant's Statements**

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The Government has produced all of the Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

The Government has no objection to the preservation of the handwritten notes taken by any of the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve original notes of interviews of an accused or prospective government witnesses).

However, the Government objects to providing Defendant with a copy of the rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was

1  insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable
2  under Rule 16, the Jencks Act, or <u>Brady</u>, the notes in question will be provided to Defendant.

3  **(2) Arrest Reports, Notes, Dispatch tapes, Audio/Video Recordings**

4  The Government has provided Defendant with all known reports related to Defendant's
5  arrest in this case that are available at this time. The Government will continue to comply with its
6  obligation to provide to Defendant all reports subject to Rule 16. As previously noted, the
7  Government has no objection to the preservation of the agents' handwritten notes, but objects to
8  providing Defendant with a copy of the rough notes at this time because the notes are not subject
9  to disclosure under Rule 16, the Jencks Act, or <u>Brady</u>. The Government is presently unaware nor
10 in possession of dispatch tapes relating to the Defendant's arrest in this case.  In addition, the
11 Government has already discovered copies of the Report of Investigation and video surveillance
12 recordings for this incident.

13 **(3) <u>Brady</u> Material**

14 The Government has and will continue to perform its duty under <u>Brady</u> to disclose material
15 exculpatory information or evidence favorable to Defendant when such evidence is material to
16 guilt or punishment. The Government recognizes that its obligation under <u>Brady</u> covers not only
17 exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on
18 behalf of the Government. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972); <u>United States
19 v. Bagley</u>, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not
20 requested by the defense. <u>Bagley</u>, 473 U.S. at 682; <u>United States v. Agurs</u>, 427 U.S. 97, 107-10
21 (1976). "Evidence is material, and must be disclosed (pursuant to <u>Brady</u>), 'if there is a reasonable
22 probability that, had the evidence been disclosed to the defense, the result of the proceeding would
23 have been different.'" <u>Carriger v. Stewart</u>, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final
24 determination of materiality is based on the "suppressed evidence considered collectively, not item
25 by item." <u>Kyles v. Whitley</u>, 514 U.S. 419, 436-37 (1995).

26 <u>Brady</u> does not, however, mandate that the Government open all of its files for discovery.
27 <u>See</u> <u>United States v. Henke</u>, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under <u>Brady</u>, the
28 Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence

1    (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the
2    defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995));
3    (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380,
4    389-90 (9th Cir. 1999), amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the
5    undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or
6    control over. (See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001)). Nor does
7    Brady require the Government "to create exculpatory evidence that does not exist," United States
8    v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply
9    a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d
10   432, 438 (9th Cir. 1976). 1988) ("No [Brady] violation occurs if the evidence is disclosed to the
11   defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand
12   for this information is premature.

**(4, 5)   Information That May Result in a Lower Sentence**

14        The Government has provided and will continue to provide Defendant with all Brady
15   material that may result in mitigation of Defendant's sentence. Nevertheless, the Government is
16   not required to provide information bearing on Defendant's sentence until after Defendant's
17   conviction or guilty plea and prior to his sentencing date. See United States v. Juvenile Male, 864
18   F.2d 641, 647 (9th Cir. 1988) (no Brady violation occurs "if the evidence is disclosed to the
19   defendants at a time when the disclosure remains in value").

**(6) Defendant's Prior Record**

21        The Government has already provided Defendant with a copy of any criminal record in
22   accordance with Federal Rule of Criminal Procedure 16(a)(1)(D).

**(7) Proposed 404(b) (and 609) Evidence**

24        Should the Government seek to introduce any "similar act" evidence pursuant to Federal
25   Rules of Evidence 404(b) or 609(b), the Government will provide Defendant with notice of its
26   proposed use of such evidence and information about such bad act at or before the time the
27   Governments' trial memorandum is filed. The Government reserves the right to introduce as prior
28   act evidence any conviction, arrest or prior act that is disclosed to the defense in discovery.

**(8) Evidence Seized**

The Government has complied and will continue to comply with Rule 16(a)(1)(c) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the Government, and which is material to the preparation of Defendant's defense or are intended for use by the Government as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The Government, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

**(9) Request for Preservation of Evidence**

After issuance of a an order from the Court, the Government will preserve all evidence to which Defendant is entitled to pursuant to the relevant discovery rules. However, the United States objects to Defendant's blanket request to preserve all physical evidence. The United States has complied and will continue to comply with Rule 16(a)(1)(c) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within his possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States has made the evidence available to Defendant and Defendant's investigators and will comply with any request for inspection.

**(10) Tangible Objects**

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy any tangible objects seized that are within its possession, custody, or control, and that are either material to the preparation of Defendant's defense, or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

//

**(11) Evidence of Bias or Motive To Lie**

The Government is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The Government is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

**(12) Impeachment Evidence**

The Government recognizes its obligation under Brady and Giglio to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to lie.

**(13) Evidence of Criminal Investigation of Any Government Witness**

Defendants are not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. "[T]he criminal records of such [Government] witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(c) to supply a defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542 F.2d at 1026).

The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such information, disclosure need only extend to witnesses the Government intends to call in its case-in chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

**(14) Evidence Affecting Perception, Recollection, Ability to Communicate**

The Government is unaware of any evidence indicating that a prospective witness has a problem with perception, recollection, communication, or truth-telling. The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception,

1    recollection or ability to communicate. The Government objects to providing any evidence that
2    a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic
3    because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other
4    Constitutional or statutory disclosure provision.

**(15) Witness Addresses**

The Government has already provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

The Government objects to any request that the Government provide a list of every witness to the crimes charged who will not be called as a Government witness. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)). The Government is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

Defendant has also requested the names and last known addresses of every possible witness to the crime alleged and of any overt acts committed in furtherance of the crime alleged. Again, absent a showing that the information is actually discoverable under Rule 16 or is exculpatory, Defendant is not entitled to the information and his motion should be denied.

//

1 **(16) Names of Witnesses Favorable to the Defendant**

2 The Government willl comply with its obligations under <u>Brady</u> and its progeny. At the
3 present time, the Government is not aware of any witnesses who have made an arguably favorable
4 statement concerning Defendant.

5 **(17) Statements Relevant to the Defense**

6 Again, the Government will comply with all of its discovery obligations. However, "the
7 prosecution does not have a constitutional duty to disclose every bit of information that might
8 affect the jury's decision; it need only disclose information favorable to the defense that meets the
9 appropriate standard of materiality." <u>Gardner</u>, 611 F.2d at 774-775 (citation omitted). Specifically,
10 Defendant has requested copies of the grand jury transcripts. As with many of Defendant's
11 requests, Defendant has failed to demonstrate that the information is actually discoverable under
12 Rule 16, or that it is exculpatory. For these reasons, the motion should be denied.

13 **(18) Jencks Act Material**

14 The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified
15 on direct examination, the Government must give the Defendant any "statement" (as defined by
16 the Jencks Act) in the Government's possession that was made by the witness relating to the
17 subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks
18 Act is (1) a written statement made by the witness and signed or otherwise adopted or approved
19 by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's
20 oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes
21 are read back to a witness to see whether or not the government agent correctly understood what
22 the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks
23 Act. <u>United States v. Boshell</u>, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing <u>Goldberg v. United
24 States</u>, 425 U.S. 94, 98 (1976)). While the Government is only required to produce all Jencks Act
25 material after the witness testifies, the Government plans to provide most (if not all) Jencks Act
26 material well in advance of trial to avoid any needless delays.

27 //
28 //

**(19) Giglio Information**

As stated previously, the Government will comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and Giglio v. United States, 405 U.S. 150 (1972).

**(20) Reports of Scientific Tests or Examinations**

The Government is not aware of any scientific tests or examinations at this time but, if any scientific tests or examinations were conducted or are conducted in the future, the Government will provide Defendant with any reports of any such tests or examinations in accordance with Rule 16(a)(1)(F).

**(21) Henthorn Material**

The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the Government intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002)(citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in camera inspection and review.

**(22) Informants and Cooperating Witnesses**

If the Government determines that there is a confidential informant who has information that is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," the Government will either disclose the identity of the informant or submit the informant's identity to the Court for an in-chambers inspection. See Roviaro v. United States, 353 U.S. 53, 60- 61 (1957); United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997).

**(23) Expert Witnesses**

The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705

of the Federal Rules of Evidence during its case-in-chief at trial. This summary shall include expert witnesses' qualifications, expert witnesses' opinions, and the bases and reasons for those opinions.

**(24) Residual Request**

The Government will comply with all of its discovery obligations, but objects to the broad and unspecified nature of Defendant's residual discovery request.

### III

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

The Government does not object to the granting of leave to file further motions as long as such leave applies to both parties and the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

### IV

### GOVERNMENT'S MOTIONS

**A. Government's Motion to Compel Reciprocal Discovery**

**1. All Evidence That Defendant Intends to Introduce in His Case-In-Chief**

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**2. Reciprocal <u>Jencks</u>: Statements By Defense Witnesses**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by Defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

**V**

**<u>CONCLUSION</u>**

For the foregoing reasons, the Government respectfully requests that the Court deny Defendant's motions, except where unopposed, and grant the Government's motions for reciprocal discovery and to compel a fingerprint exemplar.

DATED: August 19, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Douglas Keehn*
DOUGLAS KEEHN
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR2270-W |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| ALFREDO SALCEDO-FELIX, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Douglas Keehn, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION TO THE DEFENDANT'S MOTION TO COMPEL DISCOVERY, PRESERVE EVIDENCE AND GRANT LEAVE TO FILE FURTHER MOTIONS; GOVERNMENT'S MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Robert Schlein**
*Attorney for Defendant*

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 19, 2008

/s/ *Douglas Keehn*
DOUGLAS KEEHN